IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FRANK J. BANKS, et. al., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 3:08-CV-1076-G |
| | § | ECF |
| | § | |
| FDIC, et. al., | § | |
| | § | |
| Defendants | § | |

**MOTION TO DISMISS COMPLAINT UNDER
FED. R. CIV. P. 12(b)(1), (3), (4), (5), AND (6)
WITH MEMORANDUM BRIEF**

Defendants Federal Deposit Insurance Corporation; FDIC Regional Office Dallas; Texas; FDIC Field Office, Memphis, Tennessee; Sue Matson, in her official capacity as an employee of the FDIC; Patricia Lenfert, in her official capacity as an employee of the FDIC; Diane Croome, in her official capacity as an employee of the FDIC; Michael R. Tregle, in his official capacity as an employee of the FDIC; Janice Lowman, in her official capacity as an employee of the FDIC; Chris L. Hubbard, in his official capacity as an employee of the FDIC; and Marvin McCoy, in his official capacity as an employee of the FDIC, move this Court to dismiss the complaint under FED. R. CIV. P. 12(b). The Court (1) does not have subject matter jurisdiction over some of the claims; (2) proper venue does not lie in the Northern District of Texas; (3) process was insufficient; (4)

service of process was insufficient; and (5) plaintiffs fail to state a claim upon which relief can be granted.[1]

## I. BACKGROUND

Plaintiffs Frank J. Banks, Sharnia Buford, Anthony Tate and Darrell Thomas (referred to collectively as "Banks") filed this lawsuit against the defendants to complain of regulatory action taken by the FDIC arising out of its routine examinations of the MemphisFirst Community Bank of Memphis, Tennessee, (the bank) from 2002 to January, 2006. Banks, Buford, Tate, and Thomas were officers, directors, and/or shareholders of the bank. The complaint alleges violations of (1) the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § §1962 and 1964; (2) 42 U.S.C. § 1983; and (3) the plaintiffs' constitutional rights. The Court may also read the complaint as alleging causes of action under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b); 2671- 2680.

## II. PROPER VENUE DOES NOT LIE
## IN THE NORTHERN DISTRICT OF TEXAS.

The plaintiffs operated MemphisFirst in Memphis, Tennessee. The examinations of the bank necessarily took place in Memphis, Tennessee. The only action alleged in the complaint as occurring outside the state of Tennessee is contained in paragraph 156.

---

[1] The FDIC employees named in the complaint as being sued in their individual capacities have not been served with process as provided in FED. R. CIV. P. 4(e) and have not signed waivers. The undersigned is authorized to inform the Court that they will not be responding to the lawsuit because they have not been properly served.

**Motion to Dismiss Complaint Under FED. R. CIV. P. 12(b) - Page 2**

There, they assert that a letter was written in the Dallas office of the FDIC by Tregle. But Tregle works in the FDIC's office in Memphis, Tennessee, and has for the entire period alleged in the complaint. (Appendix, p. 1.)

> A civil action in which a defendant is an officer or employee of the United States or any agency thereof acting in his official capacity or under color of legal authority, or an agency of the United States, or the United States, may, except as otherwise provided by law, be brought in any judicial district in which (1) a defendant in the action resides, (2) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) the plaintiff resides if no real property is involved in the action.

28 U.S.C. § 1391(e). None of the officers or employees named in this lawsuit reside or work in the State of Texas. None of the events or omissions giving rise to the claims occurred in Texas. The plaintiffs are residents of Memphis, Tennessee. (Complaint, p. 2, ¶ 4.) Defendant "FDIC Regional Office Dallas, Texas," is a part of the FDIC and is not a legal entity in its own right that is subject to suit.[2] Venue, therefore, is not proper in Texas under section 1391(e).[3]

Banks fails to show any basis for establishing venue in the State of Texas. Venue, therefore, is improper in the Northern District of Texas. The case should be dismissed under Rule 12(b)(3).

---

[2] "FDIC Field Office, Memphis, Tennessee" also is not a legal entity that can be sued, but that is not relevant for purposes of the improper venue argument.

[3] The individual defendants are ostensibly sued in their individual capacities, also. While not representing them in their individual capacities, the undersigned would point out that venue also would not be proper in Texas even if they had been properly served in their individual capacities. 28 U.S.C. § 1391(b).

**Motion to Dismiss Complaint Under FED. R. CIV. P. 12(b) - Page 3**

## III. ALTERNATIVELY, PROCESS AND SERVICE OF PROCESS WERE INSUFFICIENT.

Banks asserts claims against the individuals in both their official and individual capacities. But only one summons was issued to each individual, each of which was issued to each individual "in their individual capacity." Because no summons was issued to the individuals in their official capacities, the process was insufficient to effect valid service on the individuals in their official capacities. The claims against the individually-named defendants in their official capacities should be dismissed under Rule 12(b)(4).

The summons addressed to Sue Matson "in her individual capacity" was mailed to an FDIC office in Dallas, even though the complaint alleges she lives in Chicago, Illinois. (Dkt. #4.) Michael Tregle works in the Memphis office. (Appendix, p. 1.) His summons was mailed to the FDIC in Dallas. Not only is process insufficient for Matson and Tregle, therefore, but service of process was also insufficient. The claims against Matson and Tregle should be dismissed under Rule 12(b)(5), also.

## IV. THE COMPLAINT FAILS TO STATE A CLAIM UPON WHICH THIS COURT CAN GRANT RELIEF.

### A. NO ALLEGATIONS ARE MADE AGAINST TWO DEFENDANTS.

Diane Croome and Marvin McCoy are named as defendants in their official capacities.[4] The only place their names appear in the complaint, however, are in paragraphs 16 and 19, respectively, in which Banks alleges where they may be served.

---

[4] All individuals named in the caption of the lawsuit ostensibly are sued in both their individual and official capacities. This motion is filed only on behalf of them in their official capacities.

They are not mentioned in the body of the complaint. Banks, therefore, fails to state any claim against them upon which this Court can grant relief. The Complaint should be dismissed under Rule 12(b)(6) as it applies to Croome and McCoy (in their official capacities).

B. THE COMPLAINT FAILS TO STATE A CLAIM UNDER RICO.

In paragraph 3 of the complaint, Banks alleges that "certain individual defendants" violated RICO, which is aimed at curtailing the infiltration of business enterprises by organized crime. (Complaint, p. 2, ¶ 3.) Four activities are prohibited under RICO: (1) investing income derived from a pattern of racketeering activity into an enterprise engaged in interstate commerce; (2) maintaining or controlling an enterprise through a pattern of racketeering activities; (3) conducting or participating in the conduct of an enterprise's affairs through a pattern of racketeering; and (4) conspiring to violate any of the previous three provisions. 18 U.S.C. §§ 1962(a)-(d). A "pattern of racketeering activity" is established by proving two or more predicate acts of racketeering, which, in general, cover a wide range of bribery, extortion, and fraud offenses. 18 U.S.C. § 1961.

Banks, however, fails to identify, or allege the existence of, two or more predicate acts of racketeering. He also fails to identify--by name or title--any individual he believes committed the alleged unidentified violations. Further, he fails to allege how the FDIC committed any alleged violations. Because Banks has failed to state a claim upon which

this Court can grant relief, the allegations of RICO violations should be dismissed under Rule 12 (b)(6).

C. THE COMPLAINT FAILS TO STATE A CLAIM UNDER 42 U.S.C. § 1983.

In the opening paragraph of the complaint, Banks alleges the violation of 42 U.S.C. § 1983. Section 1983 provides that

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured.

42 U.S.C. § 1983. The complaint contains no allegation of state involvement or of any individual acting under color of any state statute, ordinance, regulation, custom or usage. Banks, therefore, fails to state a claim under section 1983. The claim should be dismissed under Rule 12(b)(6).

D. THE COMPLAINT FAILS TO STATE A CLAIM UNDER THE FTCA.

The complaint does not specifically allege violations of the FTCA, 28 U.S.C. §§ 1346(b); 2671- 2680. However, to the extent that the Court may read the complaint as alleging causes of action under the FTCA, the Court should substitute the United States as the proper party and dismiss the claims as being barred by the FTCA.

Without reference to any statutes, the complaint alleges that the FDIC and its employees (1) failed to follow FDIC advisory opinions and FDIC policy statements (counts I-IV); (2) intentionally interfered with their economic opportunity (count VI); (3)

retaliated against them for paying previously-suspended directors' fees by threatening to levy civil penalties (count VII); and (4) misclassified Thomas as an executive officer (count VIII).  To the extent that counts I-IV and VI-VIII allege any recognizable causes of action, they would sound in tort.

The United States of America is the only proper defendant under the FTCA.  28 U.S.C. § 2679(a).  The United States, therefore, should be substituted for the FDIC on all tort claims.  Because the individuals named as defendants in their official capacities were acting within the course and scope of their employment, the United States should also be substituted for them as the defendant in the FTCA claims.  28 U.S.C. § 2679(d).  (Appendix, p. 2.)  After substituting the United States, the Court should dismiss the tort claims for lack of subject matter jurisdiction and/or failure to state a claim under the FTCA.

First, Banks has failed to exhaust his administrative remedies.  To recover under the FTCA, a complainant must first file a claim with the agency, and the agency must have finally denied it.  28 U.S.C. § 2675(a).  No administrative claim has been filed by any of the defendants.  (Appendix, p. 3.)  Further, an administrative tort claim must be filed within two years after the claim accrues.  28 U.S.C. § 2401(b).  All of the alleged actions occurred more than two years ago.  The complaint, therefore, should be dismissed under Rules 12(b)(1) and (6).

Second, recovery for the tort actions alleged in the complaint is excluded from the FTCA. The provisions of the FTCA "shall not apply to"

> (a) Any claim based upon an act or omission of an employee of the Government, exercising due care, in the execution of a statute or regulation whether or not such statute or regulation be valid . . . [or] (h) any claim arising out of misrepresentation, deceit, or interference with contract rights.

28 U.S.C. § 2680(a) & (h). Intentional torts are also excluded from coverage. 28 U.S.C. § 1346(b)(1). All of the torts alleged in the complaint fit within the actions excluded from the FTCA. The complaint should be dismissed pursuant to Rules 12(b)(1) and (6) for lack of subject matter jurisdiction and/or failure to state a claim upon which this Court can grant relief.

## CONCLUSION

The FDIC, the individually-named employees sued in their individual capacities, and the United States move the Court to dismiss the complaint under Rule 12(b). Proper venue does not lie in this Court, process and service of process were insufficient, the Court lacks jurisdiction of some of FTCA claims, and the plaintiffs wholly fail to state a claim upon which this Court can grant relief.

Respectfully submitted,

RICHARD B. ROPER
UNITED STATES ATTORNEY


/s/ *Angie L. Henson*
ANGIE L. HENSON
Assistant United States Attorney
1100 Commerce St., Suite 300
Dallas, Texas 75242
Texas Bar No. 09492900
Telephone: 214.659.8600
Fax: 214.767.2916
Angie.Henson@usdoj.gov


Of Counsel:

Dina L. Biblin
Senior Litigation Counsel
FDIC Legal Division
3501 Fairfax Drive, D-7050
Arlington, VA 22226-3500
703.562.2372

# CERTIFICATE OF SERVICE

I hereby certify that on September 15, 2008, I electronically filed the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I also certify that a copy of this document was served on H. Nasif Mahmoud, 8717 Forest Ave., Gary Indiana 46403, by first class mail.

    /s/ *Angie L. Henson*
ANGIE L. HENSON
Assistant U.S. Attorney