UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| FRANK J. BANKS, ET AL., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | CIVIL ACTION NO. |
| VS. ) | |
| ) | 3:08-CV-1076-G |
| FEDERAL DEPOSIT INSURANCE ) | |
| CORPORATION, Head Office, ) | **ECF** |
| Washington, D.C., ET AL., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

Before the court is the motion of the defendants, Federal Deposit Insurance Corporation, *et al.* (collectively, "FDIC" or "the defendants"), to dismiss the complaint of the plaintiffs, Frank J. Banks, *et al.* (collectively, "Banks" or "the plaintiffs"), for lack of subject matter jurisdiction, improper venue, insufficient process and service of process, and failure to state a claim. For the reasons set forth below, the motion to dismiss is granted.

I. <u>BACKGROUND</u>

In 1995, Banks, along with co-plaintiffs Darrell Thomas ("Thomas") and Anthony Tate ("Tate"), began organizing MemphisFirst Community Bank of

Memphis, Tennessee ("the bank"). Complaint ¶¶ 21-22. The bank opened for business in March of 1999. *Id.* ¶ 28. Between 2000 and 2005, the FDIC conducted annual audits of the bank. *Id.* ¶¶ 38, 42, 51, 53, 75, 84. The plaintiffs now allege that during the 2002, 2003, 2004, and 2005 audits, the defendants engaged in misconduct, failed to follow their own policies, and made false findings of Regulation O violations. *Id.* ¶¶ 53-93. The plaintiffs also allege that when they attempted to sell the bank in 2005, the FDIC acted to reduce the sale price by issuing, on January 12, 2006 and January 30, 2006, threats of civil money penalties. *Id.* ¶¶ 96-102. After the plaintiffs responded through counsel, the threats were withdrawn on or about June 26, 2006. *Id.* ¶109. Plaintiffs are all residents of Memphis, Tennessee. *Id.* ¶ 4.

The defendants in this case include the FDIC, which is located in Washington, D.C., the FDIC regional office located in Dallas, Texas ("FDIC Dallas"), and the FDIC field office located in Memphis, Tennessee ("FDIC Memphis"). *Id.* ¶¶ 10-12. Sue Matson ("Matson"), Patricia Lenfert ("Lenfert"), and Michael Tregle ("Tregle") are defendants in their official capacity as employees of FDIC Dallas.[1] *Id.* ¶¶ 13-14, 16. Diane Croome ("Croome"), Janice Lowman ("Lowman"), Chris Hubbard ("Hubbard"), and Marvin McCoy ("McCoy") are defendants in their official capacity as employees of FDIC Memphis. *Id.* ¶¶ 15, 17-19.

---

[1] All individual defendants were sued in both their official and individual capacities. However, the motion was filed on behalf of these defendants only in their official capacity. Motion to Dismiss Complaint Under FED. R. CIV. P. 12(b)(1), (3), (4), (5), and (6) With Memorandum Brief ("Motion to Dismiss") at 1.

## II. ANALYSIS

### A. Motion to Dismiss for Improper Venue Pursuant to Rule 12(b)(3)

#### 1. *Legal Standard*

The defendants move to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(3). Motion to Dismiss at 2-4. Once a defendant raises the issue of improper venue, the plaintiffs have the burden to prove that the chosen venue is proper. *Psarros v. Avior Shipping, Inc.*, 192 F.Supp.2d 751, 753 (S.D. Tex. 2002). "On a Rule 12(b)(3) motion to dismiss for improper venue, the court must accept as true all allegations in the complaint and resolve all conflicts in favor of the plaintiff." *Braspetro Oil Services Company v. Modec (USA), Inc.*, 240 F. App'x 612, 615 (5th Cir. 2007) (citing *Murphy v. Schneider National, Inc.*, 362 F.3d 1133, 1138 (9th Cir. 2004)).

#### 2. *Discussion*

Venue for this case is governed by 28 U.S.C. § 1391, which states in relevant part that suit may be brought against the FDIC and the defendants in their official capacity in any district in which "(1) a defendant in the action resides, (2) a substantial part of the events or omissions giving rise to the claim occurred . . . , or (3) the plaintiff resides if no real property is involved in the action." 28 U.S.C. § 1391(e). Here, venue is proper under 28 U.S.C. § 1391(e)(1) because Matson, Lenfert, and Tregle are residents of Dallas, Texas in their official capacity. "The

general rule in suits against public officials is that a defendant's residence for venue purpose[s] is the district where he performs his official duties." *Florida Nursing Home Association v. Page*, 616 F. 2d 1355 (5th Cir. 1980), *rev'd on other grounds, Florida Department of Health and Rehabilitative Services v. Florida Nursing Home Association*, 450 U.S. 147 (1981). See also *Butterworth v. Hill*, 114 U.S. 128 (1885) (holding that the official residence of the commissioner of patents was Washington, D.C. when he was located in the patent office by law).

The plaintiffs assert in their original complaint that Lenfert and Matson were assistant directors of FDIC Dallas and that Tregle is an attorney for FDIC Dallas.[2] Complaint ¶¶ 13-14, 16. Thus, under *Page*, the official residence of Matson, Lenfert, and Tregle is Dallas, Texas, where they perform their official duties. Under 28 U.S.C. § 1391(e)(1), venue is proper wherever one defendant resides. Therefore, the motion to dismiss for improper venue is denied. The court does not reach the issue of whether venue is proper under 28 U.S.C. § 1391(e)(2).

### B. Motion to Dismiss for Failure to State a Claim

#### 1. *Legal Standard*

The defendants also move to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). "To survive a Rule 12(b)(6) motion, the plaintiff must plead

---

[2] The location of Tregle's employment for the FDIC is in dispute, but on a Rule 12(b)(3) motion to dismiss, the court must resolve all conflicts in favor of the plaintiff. *Braspetro Oil Services*, 240 F. App'x at 615.

'enough facts to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1974 (2007)), *cert. denied*, __ U.S. __, 128 S.Ct. 1230 (2008). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 127 S.Ct. at 1964-65 (citations, quotations marks, and brackets omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Katrina Canal*, 495 F.3d at 205 (quoting *Twombly*, 127 S.Ct. at 1965). "The court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Id.* (internal quotation marks omitted) (quoting *Martin K. Eby Construction Company v. Dallas Area Rapid Transit*, 369 F.3d 464 (5th Cir.2004)).

2. *Discussion*

The plaintiffs allege that the defendants violated the Racketeering Influenced and Corrupt Organizations Act ("RICO") (18 U.S.C. § 1962), 42 U.S.C. § 1983, and their civil rights as laid out under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Complaint ¶¶ 1-3. The plaintiffs concede that

they do not state a claim under the Federal Tort Claims Act.  Plaintiffs' Objections to Defendants' Motion to Dismiss Complaint under FED. R. CIV. P. 12(b)(1), (3), (4), (5), and (6) With Memorandum Brief ("Response") at 8.

### a. Motion to Dismiss the RICO Claim

RICO provides civil remedies for "any person injured in his business or propetty by reason of a violation of [18 U.S.C. § 1962]." 18 U.S.C. § 1964(c).  The activities prohibited by § 1962 are (1) the use or investment of income from a pattern of racketeering activity in an enterprise engaged in or affecting interstate commerce, (2) the acquisition or maintenance of an interest in any enterprise that is engaged in or affects interstate commerce, (3) participation in the affairs of an enterprise that affects interstate commerce through a pattern of racketeering activity, and (4) a conspiracy to violate any of the previous provisions.  18 U.S.C. § 1962.  Racketeering activity is defined in § 1961(1) and requires an act punishable under state or federal law involving acts such as murder, bribery, extortion, gambling, fraud, and terrorism.

The plaintiffs allege that the FDIC failed to follow its own policies, violated 42 U.S.C. § 1983, conducted inaccurate audits, threatened civil monetary penalties, committed the tort of intentional interference with economic opportunity, and intentionally acted to destroy the bank.  Complaint ¶¶ 60, 121, 125, 129, 133, 140, 146, 153, 158.  None of these allegations meet the definition of racketeering activity for the purposes of finding a RICO violation.  The plaintiffs do not allege a violation

of any statute listed in § 1961(1). Further, the plaintiffs make no allegations of investment of income, acquisition of an enterprise, or participation in an enterprise that engages in racketeering activity. Thus, the plaintiffs have not pleaded any facts that would support relief under RICO. *Katrina Canal*, 495 F.3d at 205. The defendants' motion to dismiss for failure to state a claim under RICO is granted.

b. <u>Motion to Dismiss the 42 U.S.C. § 1983 Claim</u>

The plaintiffs also claim that the FDIC violated 42 U.S.C. § 1983, which states in relevant part that

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured.

To state a claim under § 1983, the "plaintiff must (1) allege a violation of rights secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." *Resident Council of Allen Parkway Village v. United States Department of Housing and Urban Development*, 980 F.2d 1043, 1053 (5th Cir.) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)), *cert. denied*, 510 U.S. 820 (1993).

The plaintiffs do not allege that either the FDIC or the defendants in their official capacity acted under color of state law. "The traditional definition of acting

- 7 -

under color of state law requires that the defendant in a § 1983 action have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *West*, 487 U.S. at 49 (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)). Furthermore, "actions of the Federal Government and its officers are at least facially exempt from [§ 1983's] proscriptions." *District of Columbia v. Carter*, 409 U.S. 418, 424-25 (1973). Thus, "federal officials, acting under color of federal law rather than state law, are not subject to suit under § 1983." *Allen Parkway Village*, 980 F.2d at 1053 (citing *Broadway v. Block*, 694 F.2d 979 (5th Cir. 1982)) (holding that no §1983 claim was stated against HUD because it is a federal agency that acts under federal law).

The plaintiffs allege that the defendants violated state discrimination laws. Response ¶ 12. However, violation of a state law does not fulfill the requirement of § 1983 that the defendants had power by virtue of state law. Just like the defendants in *Allen Parkway Village*, the FDIC is a federal agency and acts under federal law. The plaintiffs do not allege that the defendants were acting under state law. Thus, the defendant's motion to dismiss for failure to state a claim under § 1983 is granted.

### C. *Bivens* Claim

The defendants do not move to dismiss Banks' remaining claim under *Bivens*. However, "[a] district court 'may raise the defense of limitations *sua sponte* . . . [and] [d]ismissal is appropriate if it is clear from the face of the complaint that the claims

asserted are barred by the applicable statute of limitations.'" *Stanley v. Foster*, 464 F.3d 565, 568 (5th Cir. 2006) (quoting *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999)). For the reasons discussed below, the *Bivens* claim is dismissed *sua sponte* because the statute of limitations had run before the plaintiffs filed their complaint.

The statute of limitations for a *Bivens* claim is the "general personal injury limitations period . . . of the forum state" because there is no federal statute of limitations. *Starks v. Hollier*, No. 07-41085, 2008 WL 4488543, *1 (5th Cir. Oct. 7, 2008) (citing *Brown v. Nationsbank Corporation*, 188 F.3d 579, 590 (5th Cir. 1999), *cert. denied*, 530 U.S. 1274 (2000)). "In Texas, the appropriate statute of limitations is two years." *Id.* at *1 (citing *Cooper v. Brookshire*, 70 F.3d 377, 380 n. 20 (5th Cir. 1995) and TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a) (West 2005)). However, "federal law governs when [the plaintiff's] claim accrue[s]." *Id.* (citing *Harris*, 198 F.3d at 157). The claim accrues when "'the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured' and that there is a connection between his injury and the defendant's actions." *Id.* (citing *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001)).

The complaint alleges that the FDIC injured the plaintiffs through inaccurate audits from 2003 to 2005, acting to diminish the sale price of the bank during negotiations in 2005, and retaliatory threats of civil money penalties in January 2006, which were not sent to non-African American CEOs. Complaint ¶¶ 57, 78, 86, 99-

102. The threats of civil money penalties came in the form of letters that were dated January 12, 2006 and January 30, 2006. *Id.* ¶ 99-100. The letters attempted to justify the findings of Regulation O violations and other alleged misconduct in the banking practices of the plaintiffs. *Id.* ¶ 106. The plaintiffs responded to these letters by demonstrating what they believed to be the proper interpretation of the regulations, using the FDIC's advisory opinions as support. *Id.* ¶ 108. It is not clear from the pleadings when the plaintiffs filed this response. The plaintiffs do allege, however, that after receiving this response, the defendants withdrew their threat to levy civil money penalties "on or about June 26, 2006". *Id.* ¶ 109. Thus, it is clear that sometime before June 26, 2006, the plaintiffs had thoroughly outlined their complaints about the FDIC's conduct in their response to the letters threatening civil money penalties. See *id.* Plaintiffs filed their complaint in this case on June 25, 2008.

The cause of action accrued when plaintiffs became aware of all alleged injuries, the last of which was the threats to levy penalties. While the exact date of receipt of the letters from the FDIC is not established in the complaint, there is no indication that the plaintiffs remained unaware of the threat for five months after the date on the letters. Banks retained counsel and sent a detailed response *before* the FDIC withdrew the threats on or about June 26, 2006. Thus, it is clear from the face of the complaint that the plaintiffs were aware of the threats prior to June 25, 2006.

Therefore, the statute of limitations had run before the complaint was filed and the *Bivens* claim is dismissed as untimely.

### III. CONCLUSION

For the reasons discussed above, the FDIC's motion to dismiss for failure to state a claim is **GRANTED** with respect to the RICO and 42 U.S.C. § 1983 claims. The remaining *Bivens* claim is **DISMISSED** as untimely. Because all claims against the defendants are dismissed, the court does not reach the motions to dismiss for insufficient process, for failure to state a claim against defendants Croome and McCoy, or for lack of subject matter jurisdiction.

**SO ORDERED**.

February 2, 2009.

*A. Joe Fish*
**A. JOE FISH**
**Senior United States District Judge**